1114

We find in the record an affidavit in due form made by appellant requesting leave to withdraw his appeal. The request is granted.

The appeal is dismissed.

### Wesley BURROW v. STATE.
### No. 15371.

Court of Criminal Appeals of Texas.
May 25, 1932.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for burglary; punishment, five years in the penitentiary.

The record has neither statement of facts nor bills of exception. The matters of procedure are in accordance with law.

The judgment will be affirmed.

### Wesley BURROW v. STATE.
### No. 15370.

Court of Criminal Appeals of Texas.
May 25, 1932.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for theft; punishment, two years in the penitentiary.

The record is here without statement of facts or bills of exception. All matters of procedure appear regular.

The judgment is affirmed.

### Willie DANIELS v. STATE.
### No. 15318.

Court of Criminal Appeals of Texas.
May 25, 1932.

C. L. Stone, of Henderson, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

The offense is murder; penalty assessed at confinement in the penitentiary for fifteen years.

Neither bills of exception nor statement of facts accompany the record. The indictment seems regular and regularly presented. No fault in the procedure has been perceived or pointed out.

The judgment is improperly entered, in that it fails to take note of the Indeterminate Sentence Law. The judgment and sentence will be reformed so as to comply with that statute, article 775, C. C. P. 1925; that is to say, that the appellant be condemned to suffer confinement in the state penitentiary for a period of not less than two nor more than fifteen years.

As reformed, the judgment will be affirmed.

### Son DAVIS v. STATE.
### No. 15337.

Court of Criminal Appeals of Texas.
May 25, 1932.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

The unlawful possession of intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for one year.

The judgment of conviction is assailed by no bill of exception, and the facts heard before the trial court are not brought forward for review. We have perceived no fault in the record which would warrant a reversal of the judgment.

The judgment is affirmed.

### Mrs. Frank EVANS v. STATE.
### No. 15289.

Court of Criminal Appeals of Texas.
April 27, 1932.

Rehearing Denied June 8, 1932.